ShackelfoRd, J.,
delivered the opinion of the Court.
W. B. Morrow, on the 14th of September, 1865, by deed, conveyed to J. J. Polk, as Trustee, certain lands, stock, etc., without an estimated value, to secure the payment of his debts, amounting to $10,000, due by note, etc., which deed was acknowledged and registered, according to the laws of this State, in the proper office, in the County of Hardeman, the residence of the grantor. At the time of the execution, and before its registration. United States revenue stamps, in value $7.50, were placed upon it and properly cancelled. On the 21st of February, 1866, the complainants filed their bill in the Chancery Court of Hardeman, against the maker, trustee, and beneficiaries in the deed, in which they aver the deed was fraudulent in law and in fact, and void for want of the proper amount of revenue stamps required by the Acts of Congress. Attachments were *589 prayed for and issued, and the property embraced in the deed attached. The answers of the defendants were filed, except the maker; he being a non-resident, publication was made, and a pro confesso taken against him. The original deed was filed with the answer of the Trustee, Polk.
At the September Term, 1866, of the Court, leave was granted to defendant, Polk, to withdraw the original deed from the file, to have the requisite amount of revenue stamps placed upon it. On the 13th of March, 1867, the revenue collector of the district, placed on the deed, revenue stamps to the value of $5, additional, and entered on the deed, “Stamped in accordance with sec. 158 of the Act of Congress, July 13, 1866, and penalty remitted. Rolfe Sanders, Collector.”
On the 18th of March, 1867, the deed thus stamped was again registered. The cause was heard at the March Term, 1867; and the Court being of opinion the complainants were not entitled to relief, dismissed the hill; from which they appealed to this Court.
The questions presented for our consideration in this case, are:
1st, Was the deed void as to creditors, not having the requisite amount of revenue stamps upon it, required by the Act of Congress of the 30th of June, 1864?
2d, In consequence of not being so duly stamped, was the registration unlawful and void ?
3d, Did the subsequent act of placing the requisite amount of revenue stamps on the deed, and the registration thereof, relate back so as to defeat the lien acquired by the levying of the attachment ?
*590 To determine these questions, it is necessary to examine the several Acts of Congress, requiring revenue stamps to be placed on such instruments.
The first Act was passed July 1, 1862, and provides, all instruments mentioned in Schedule B, which was annexed and made a part of the Act, should have the requisite amount of revenue stamps, specified in the schedule affixed to them.
By the provisions of Schedule B, mortgage of lands, estate, property, real or personal, hereditable or movable, whatsoever, when the same shall be made a security for the payment of a definite and certain sum of money, lent at the time, or previously due and owing, or for bond to be paid, being payable; also any conveyance of land or property, whatsoever, in trust to be sold or otherwise converted into money, which shall be intended as a security, and shall be redeemable before the sale, either by express stipulation or otherwise, or any bond given on the security for the payment of any definite or certain sum of money exceeding $100, and not exceeding $500, fifty cents, and so in proportion to the amount; when the amount secured is $5,000, and not exceeding $10,000, ten dollars.
By the 95th section of said Act, it was provided, if any person shall make, sign, or issue, or cause to be made, signed, or issued, any instrument, document or paper of any kind or description whatsoever, without the same being duly stamped, denoting the duty imposed thereon, or without having an adhesive stamp to denote said duty, such person or persons shall incur the penalty of $50, and such instrument shall *591 be deemed invalid and of no effect: Vol. 12 U. S. Statutes at Large, 475.
The next Act upon the subject was passed and approved March 3, 1863. Mo material chauge was made in stamp duties on instruments in Schedule B, of the Act of July 1, 1862. The nest Act on this subject was approved June 30, 1864.' Section 151 of this Act, makes certain changes in stamp duties on instruments mentioned in Schedule B, of the Act of July, 1862: U. S. Statutes at Large, vol. 13, pp. 291, 292.
Section 132 of the Act, is as follows : “That it shall not be lawful to record any instrument, document, or paper required by law to be stamped, unless a stamp or stamps of the proper amount, shall have been affixed; and the record of any such instrument upon which the proper stamp or stamps aforesaid, shall not have been affixed, shall be utterly void, and shall not be used in evidence.”
Section 158 of said Act, provides, when any instument is made or issued, and not duly stamped, with the intent to evade the provisions of the Act, the person so using shall forfeit and pay the sum of $200, and the instrument shall be declared to be void and of no effect.
Section 163 of this Act, has alone reference to deeds, documents, or papers not duly stamped, issued prior to the passage of the Act, and provides the mode in which they may be stamped and registered, or used in evidence, modifying section 95th of the Act of July 1st, 1862.
*592 Next in order, was the Act of March 3d, 1865, which, according to its title, was an Act amendatory of the Act of June 30th, 1864, and enacts that sec. 158 of that Act be amended by striking out all after the enacting clause, and inserting in lieu thereof, a provision, that the penalty for signing or issuing a document or paper, without a proper stamp, with the intent to evade the provisions of the Act, shall be fifty dollars. It provides, that hereafter, in all cases, when the parties has not affixed to any instrument the stamp duty, as required by section 151, of the Act of June, 1864, in the Schedule, marked B, thereunto annexed, the stamps thereby required to be annexed, at the time of making or issuing said instrument, and he or they, or any party having an interest therein, and shall be subsequently desirous of affixing such stamps, he or they shall appear before the Collector of the Revenue of the proper district, who shall, upon the payment of the proper stamp required by law, and a penalty of fifty dollars, when the whole amount of the duty denoted shall exceed fifty dollars; on payment, also, of the rate of interest of six per cent, on said duty, from the day said stamp ought to have ■ been affixed, and affix the proper stamp to said instrument, and note on the margin of the instrument the date of doing so, and the fact that said penalty has been paid or remitted, as he is authorized to do, such instrument shall be held to be valid to.all intents and purposes, as if stamped when made or issued: U. S. Statutes at Large, vol. 13, 481.
*593 The last Act on this subject was passed July 13th, 1866, and is entitled “An Act to reduce internal taxation, and to amend an Act entitled cAn Act to provide internal revenue.’ ”
By the provisions of this Act, the several sections of the Act of June 30th, 1864, and the Act of 1865, as amendatory, are taken up and the sections amended, in the order in which they stand. Section 158 of said Act is amended by striking out all after the enacting clause, and inserting in lieu the following: “That any person or persons who shall make, sign or issue, or who shall cause to be made, signed or issued, any instrument, document, or paper, of any kind or description whatever, or shall accept, regulate or pay, or cause to be accepted, regulated or paid, any bill of exchange, draft, or order, or promissory note for the payment of money, without being duly stamped, or having thereon an adhesive stamp, for denoting the tax chargeable thereon, and cancelled in the manner required by law, with the intent to evade the provisions of this Act, shall, for every such offense, forfeit and pay the sum of fifty dollars; and such instrument, document, or paper, bill, draft, order or note, not being stamped according to law, shall be invalid and of no effect; provided, that the title of a purchase of land, by deed duly stamped, shall not be defeated or affected by want of the proper stamps on any deed conveying said land, by any person from, through, or under whom the grantor claims or holds title; and provided further, hereafter in all cases, when the party has not affixed to any instrument the stamps required by law *594 thereon, at tbe time of making or issuing the said instrument; and he or they, or any party having an interest therein, shall be subsequently desirous of affixing a stamp to said instrument, (or if said instrument is lost, to a copy thereof,) he or they shall appear before the Collector or the Beceiver of the proper district, who shall, upon the payment of the price of a proper stamp required by law, and of a penalty of fifty dollars; and when the whole amount of tax denoted by the stamp required shall exceed the sum of fifty dollars, and payment also of interest at the rate of six per cent, on said tax, from the day on which such stamp ought to have been fixed, and affix the proper stamp to such instrument or copy, and note on the margin thereof the date of his so doing, and the fact that said penalty has been paid; and the same thereupon shall be declared and held to be as valid, to all intents and purposes, as if stamped when made or issued. And provided further, that when it shall appear to the said Collector, upon oath, or to his satisfaction, that any such instrument . has not been duly stamped at the time of making or issuing the same, by reason of accident or mistake, or inadvertence or urgent necessity, and without any willful design to defraud the United States of the stamps, or to evade or delay the payment thereof, then in such cases, if such instrument, (or if the original cannot be had, a copy thereof,) duly certified by the officer having charge of such record in which the assignment is required to be recorded, or otherwise proven to the satisfaction of the Collector, shall, within twelve calendar months after *595 the first day of August, 1866, or within twelve months after the making or issuing thereof, be brought to the said Collector of Revenue, to be stamped, and the stamp tax chargeable thereon shall he paid, it shall he lawful for the Collector to remit the penalty aforesaid, and to cause said instrument to be duly stamped; and when the original instrument, or a certified copy thereof shall he presented, the Clerk, Register, Recorder — or other officer having charge of the original record — it shall he lawful for such officer, upon the payment of the fee legally chargeable for the recording thereof, to make a new record thereof, or to note on the original record, the facts, the error or omission in the stamping of said original instrument, or such certified copy of the record thereof; and it may be used in all courts, and in such places, in the same manner and with like effect, as if such instrument had been originally stamped. And provided further, That in all cases, when the party has not affixed the stamp required by law, upon any instrument made, signed, or issued, at the time when, and at a place where, no collection district was established, it shall be lawful for him or them, or any party having an interest therein, to fix the proper stamp thereto, (or if the original be lost, to a copy thereof,) and the instrument or copy to which the proper stamp has been affixed prior to the 1st January, 1867; and the record thereof, shall be as valid, to all intents and purposes, as if stamped by the Collector in the manner heretofore provided; bid no right acquired in good faith before the stamping of such instrument, or a copy1 thereof, and the recording thereof, as herein provided *596 {if such record be required by law to be recorded,) shall in any manner be affected by such stamping as aforesaid:” Pamphlet Acts of 39th Congress, 141.
Prom an examination of these several Acts, it will be seen, by section 95, of the Act of 1862, which declares all instruments invalid, which have not the requisite stamps required by said Act, upon them, has not been repealed, but modified by the subsequent Acts, providing, for fixing the requisite stamps.
Section 152, of Act of June 30th, 1864, provides, “it shall not be lawful to record any instrument that has not the proper stamp affixed upon it, and it shall not be used in evidence.”
Section 158, of the last Act referred to, and the amendatory Act of the 13th March, 1865, which authorized the Collector of the district, when the party in interest was desirous to fix the proper stamps, when the same was not done at its execution, and which being done in conformity with the requisitions of the Act, shall be deemed valid, were repealed by the Act of July 13th, 1866.
The deed in this case, from .Morrow to Polk, was executed on the 14th September, 1865, and registered on the 13th October following. The notes secured in the deed amounted to the sum of $10,000.
Schedule B, of the Act of July 1st, 1862, provides the amount of indebtedness secured in the deed shall be the sum by which the stamp duty is ascertained; and provides when the sum exceeds $5,000 and not over $10,000, the stamp shall be $10.
This, as amended by the Act of the 30th June, 1864, *597 provides for a definite sum of money secured in tbe deed, exceeding §100, and not exceeding $500, a stamp duty of fifty cents; $500 and not exceeding $1,000, a duty of $1; and for every additional $500, or fractional part thereof, in excess of $1,000, fifty cents. Under the provisions of these Acts, there being ten thousand dollars in notes secured by the deed, the stamp duty thereon was ten dollars; and at the time of its execution and registration, there were only placed on it revenue stamps denoting the duty of $7.50. Its registration was, therefore, prohibited by the provisions of sec. 152, of the Act of 30th June, 1864-Being thus registered, not having thereon the requisite amount of stamps, it could not be used in evidence, and did not pass the title to the property as against creditors.
The "bill of complainants was filed on the 21st February, 1866, and the property embraced in the deed was attached on the 13th March, 1867. By leave of the Court, the deed was withdrawn from the files, and the Collector of the district, on the same day, affixed the requisite amount of stamps upon it, or more than is required by law, and remitted the penalty. At the time of its re-stamping, the Acts of 1864 and March 30th, 1865, were not in force, having been repealed by the Act of 13th July, 1866.
The case must, therefore, be governed by the provisions of this last Act. The subsequent re-stamping, by the provisions of this Act, made the deed valid to all intents and- purposes, as if it had been stamped when executed and recorded, if no right had accrued; *598 but before the re-stamping, the lien of the complainants had attached by virtue of levy of their attachment; and this was a lien or right within the meaning of sec. 158, of the Act of July, 1866, accruing to the complainants; and the lien thus acquired, could not be divested by the subsequent re-stamping.
The deed not having the stamp duty upon it required by law, by the express provisions of sec. 152, of the Act of June 30th, 1864, its registration was void, and the record could not be used in evidence; consequently, placing it upon the Register’s books gave no validity to it as a registered deed. The provisions of sec. 158, of the Act of 30th June, 1864, and the amendments of the Acts of the 13th March, 1865, authorizing the re-stamping of instruments, being repealed, the rights of the complainants had attached in good faith. The property embraced in the deed being subject to levy, the complainants are entitled to the satisfaction of their debt, by sale of the property. It is argued, it is a great hardship, that the registration of the- deed should be held invalid, for the want of the requisite stamp duty.
“Ita lex scripta est.” Out duty is to declare the law and enforce it. The question of the deed being fraudulent in fact, has not been seriously pressed, and there is nothing in that question.
The deed pot having the requisite stamp duty upon it, under the laws of Congress, its registration was not authorized, and was void as to the attaching creditors.
The decree of the Chancellor will be reversed, and the case remanded.